# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **GANNETT GP MEDIA, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. _____** |
| **DM LUXURY, LLC,** | <u>**JURY DEMAND**</u> |
| **Defendant.** | |

## <u>COMPLAINT</u>

Plaintiff Gannett GP Media, Inc. ("*Nashville Lifestyles*" or "Plaintiff"), through its undersigned counsel, files this Complaint against DM Luxury, LLC ("*Modern Luxury Nashville*" or "Defendant"), and alleges as follows:

### NATURE OF THE ACTION

1.       This is a civil action at law and in equity to remedy acts of, *inter alia*, (1) trademark infringement and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125; (2) unfair competition and trademark infringement under Tenn. Code Ann. §§ 47-18-104 and 47-25-512; and (3) unfair competition and trademark infringement under the common law of Tennessee.

2.       As set forth below, Plaintiff and its predecessor(s) in interest, for over 25 years, have continuously used the mark, NASHVILLE LIFESTYLES, for the name of its online and print city lifestyle magazine distributed in the Nashville area.  Plaintiff's stylization for its NASHVILLE LIFESTYLES mark has the word "NASHVILLE" appearing in capital letters across the top of the

masthead of its magazine as the overwhelmingly prominent and dominant word on the cover, which includes other design elements combined to create the cover format:



3.     The other design elements of Plaintiff's magazine generally also prominently display a photo of a celebrity centered on the cover of its magazine displaying the celebrity's name in close proximity to the photo with a brief sub-headline description characterizing the celebrity under the celebrity's name, and adding a description of the feature article:



4.     In September 2024, Defendant, under the direction of the former editor of Plaintiff's magazine, published its "Premiere Issue" of a magazine titled "MODERN LUXURY NASHVILLE," which is a city lifestyle magazine dedicated to the same categories of customers (*i.e.*, advertisers and readers) in the same market as Plaintiff's magazine.  Defendant confusingly

- 2 -

placed "NASHVILLE" prominently in capital letters across the top of the masthead as the dominant word on the cover, while minimizing the other portions of its mark with the words "Modern Luxury" substantially minimized when the cover is viewed:



5.      Further, Defendant used an almost identical combination of elements for its cover format and prominently placed a photo of a celebrity on the center of the cover of the magazine -- displaying the celebrity's name in close proximity to the photo with a brief sub-headline description characterizing the celebrity under the celebrity's name as well as mentioning the feature articles:



6.      On November 13, 2024, shortly after Defendant published its Premiere issue, Plaintiff sent a letter to Defendant notifying Defendant of its intentional use of Plaintiff's mark

and requested that Defendant cease and desist from using "NASHVILLE" in this manner in the name of its publication. **Exhibit B**. Defendant responded on November 25, 2024, refusing to cease and desist from using "NASHVILLE" in this manner in the confusingly similar cover layout in connection with the same goods and services. **Exhibit C**. In fact, Defendant published a January 2025 magazine with a similar cover graphic design as its Premiere issue.

7. On February 6, 2025, Defendant indicated in an email that Defendant "updated" its masthead to center and slightly enlarge the words "Modern Luxury" while still maintaining the overwhelmingly prominent name "NASHVILLE" in capital letters as shown below:



**Exhibit D**. The minor change in size and placement of the name "Modern Luxury" was insufficient to avoid confusion. Plaintiff requested a further modification on February 24, 2025 to make "Modern Luxury" dominant in the masthead and much more prominent than the name "Nashville." **Exhibit D**. Defendant refused (**Exhibit D**) and instead, published yet another issue of its magazine in March 2025 with the "updated" masthead. Defendant's failure to change its masthead so as to avoid a confusingly similar masthead is causing actual confusion in the Nashville market and unfair competition with Plaintiff.

**THE PARTIES**

8. Plaintiff is a corporation organized and existing under the laws of the State of Delaware with its principal place of business for the publication of its *Nashville Lifestyles* magazine located at 1801 West End Avenue, 17th Floor, Nashville, TN 37203.

9.     Upon information and belief, Defendant DM Luxury, LLC is a limited liability company organized and existing under the laws of the State of Delaware with offices located at 3280 Peachtree Street NE, Suite 2325, Atlanta, GA 30305.

## JURISDICTION AND VENUE

10.     The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1338(a) (actions arising under an Act of Congress relating to trademarks), and 28 U.S.C. § 1367(a) (supplemental jurisdiction because the state law claims are so related to the federal claims that they form a part of the same case or controversy and derive from a common nucleus of operative facts).

11.     This Court has general and specific personal jurisdiction over Defendant in this case because Defendant conducts business in the State of Tennessee.

12.     As detailed in this Complaint, Defendant has purposefully availed itself of the right to do business in the State of Tennessee.  Defendant has conducted and continues to conduct substantial and routine business in this judicial District, including, on information and belief, by distributing and marketing, offering to sell, and/or selling its infringing magazine in this District.

13.     Venue is properly founded in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant may be found in this District and on information and belief, has committed acts of trademark infringement and unfair competition within this District.

## FACTUAL BACKGROUND

## I.  PLAINTIFF'S *NASHVILLE LIFESTYLES* MAGAZINE

14.     For over a quarter of a century, beginning in 1999, *Nashville Lifestyles* magazine, published by Plaintiff and its predecessor(s) in interest, has served as the authority on all things

- 5 -

Nashville and focused on the best Nashville has to offer in the areas of food, fitness, entertainment, culture, and fashion, among others.

15.  *Nashville Lifestyles* magazine, although primarily directed to Nashville and its environs, engages a diverse readership in Tennessee and beyond.  The print version is widely distributed through both newsstands and subscriptions, with an average subscription of thousands of copies per month.

16.  In addition to the print magazine, *Nashville Lifestyles* has a strong online presence through its website, www.nashvillelifestyles.com, attracting on average tens of thousands of viewers per month, and through its Instagram and Facebook accounts, which have hundreds of thousands of combined followers.  *Nashville Lifestyles* also conducts in-person entertainment and cultural events in the Nashville area.

17.  From its first edition in October 1999, *Nashville Lifestyles* has used its NASHVILLE LIFESTYLES trademark in stylized formats in connection with its monthly magazine and other related products and services.  In all of its cover formats, the word NASHVILLE has been prominently displayed across the masthead in capital letters and is the dominant word on the cover, while the word LIFESTYLES is minimized.  Plaintiff registered the standard character NASHVILLE LIFESTYLES mark in the State of Tennessee on July 25, 2022, for use in connection with "goods made of paper, namely magazines; providing on-line information relating to entertainment, sports, dining and cultural events in Tennessee via a website, social media, and e-newsletters; conducting entertainment and cultural events."

18.  A true and correct copy of the registration certificate is attached hereto as **Exhibit A**.  This registration is valid and subsisting.

19.     The registration also included a stylized display of the NASHVILLE LIFESTYLES mark, with the significantly larger type, NASHVILLE, and smaller type, LIFESTYLES:

# NASHVILLE
### LIFESTYLES

20.     Since the adoption of the NASHVILLE LIFESTYLES mark, *Nashville Lifestyles*, along with its predecessor(s) in interest, has made exclusive, widespread, and continuous use of the mark and cover format with the capitalized word, NASHVILLE, the dominant word at the top of the cover page to identify and distinguish its products and services in Nashville and the neighboring areas as seen below:

 

21.     As seen above, in all of Plaintiff's uses of its NASHVILLE LIFESTYLES mark, the word NASHVILLE is prominently displayed across the masthead of each issue of its magazine in a condensed font of capital letters, with the word LIFESTYLES also capitalized and presented in a smaller sans-serif extended font.  Further, the typical layout of the vast majority of *Nashville Lifestyles* magazines over the years places a celebrity in the center of the cover.  The elements of

the cover format with the prominent placement of the capitalized word NASHVILLE, and the substantially familiar and consistent cover subject and cover format is important to Plaintiff's advertising, promoting, and sale, and also attracts readers who rely on the distinctive cover format in identifying the magazine in the Nashville market.

22.     The NASHVILLE LIFESTYLES mark, emphasizing the word NASHVILLE in addition to enhancing the appearance of Plaintiff's magazine cover, is extremely valuable to Plaintiff and reflects the image, reputation, and goodwill earned over the 25-plus years *Nashville Lifestyles* magazine has been continuously published.  Plaintiff has expended significant time, effort, and money in adoption, promotion, and advertisement of its brand under the NASHVILLE LIFESTYLES mark, averaging approximately 100 advertisers per month in *Nashville Lifestyles* print and/or online editions.  The NASHVILLE LIFESTYLES mark, with the dominant display of the word, "NASHVILLE", has become extremely well known to the public as a highly respected and exclusive source identifier of the magazine's high quality products and services.

23.     Additionally, an appreciable number of members of the public in the Nashville market have likely come to perceive the magazine title as NASHVILLE and have come to associate a magazine with the above cover format -- including NASHVILLE in capital letters dominant across the entire top of the cover page of its magazine and having a celebrity placed prominently on the cover -- with the *Nashville Lifestyles* magazine.

## II. DEFENDANT'S USE OF MODERN LUXURY NASHVILLE

24.     Defendant has published city magazines over the years but avoided Nashville until recently.  In the Fall of 2024, long after *Nashville Lifestyles* became well known for its magazine layout and cover format with NASHVILLE in capital letters prominently spread out across the top of its masthead, Defendant became engaged in publishing a "Modern Luxury" magazine directed

- 8 -

to the Nashville market. Defendant hired the editor of Plaintiff's magazine in early 2024 and by at least September 2024 began offering products and services on its website and in a print magazine under the name MODERN LUXURY NASHVILLE. The offered content focuses on "people, food & drink, home & real estate, style & beauty, lifestyles, video and guide," as seen below on its website:



25.     As seen above, even in its initial online presence, Defendant displayed a prominent "NASHVILLE" in capital letters at the top of the web page with "MODERN LUXURY" dwarfed in a much smaller font.

26.     These services were a lead-up to Defendant's launching of its own magazine, *Modern Luxury Nashville*, with the Premiere issue launching in September 2024. A second issue was released in January 2025:



27.     Then, after an exchange between counsel, Defendant slightly changed its

masthead in March 2025, but NASHVILLE remained as the prominent word in the masthead:



## III. DEFENDANT'S INFRINGING ACTS

28.     Defendant has been providing and intends to continue to provide its products and/or

services with the word NASHVILLE in a condensed font of capital letters overwhelmingly and

prominently displayed at, and stretched the width of, the top of the page of its magazine as its

masthead, and with the image of a celebrity in the center of the cover page, which is substantially

and confusingly similar to the masthead and the cover page and format of Plaintiff's *Nashville

Lifestyles* magazine.  NASHVILLE is the dominant word on the cover, dwarfing all others, and it

is the first word apprehended by the customer.  The words "Modern Luxury," in an extended sans-

serif font, are lost as far as visual identification.  The front cover of the Premiere issue adopted

practically all of the trade dress features of the *Nashville Lifestyles*' well known cover:

| *Nashville Lifestyles* | *Modern Luxury Nashville* |
| --- | --- |
|  |  |

29. Subsequent issues with the slightly revised masthead continued to adopt all the trade dress features, such as the most recent *Modern Luxury Nashville* July issue:



30.     Defendant's stylized MODERN LUXURY NASHVILLE mark, and Plaintiff's stylized NASHVILLE LIFESTYLES mark, both with NASHVILLE in a condensed font of capital letters across the top of the masthead of the respective magazines, are used to identify the same type of business engaged in by the parties, *i.e.*, publications and information services about Nashville's local news, entertainment, dining and cultural events, culture, and fashion.  Both marks are used on the parties' respective magazines, advertisements, and other forms of advertising, marketing, and/or promotional materials for the parties' respective goods and services.

31.     Defendant's copying of Plaintiff's magazine cover page layout has caused, is likely to, and will, cause confusion, mistake, or deception as to affiliation, connection or association of the Defendant and its MODERN LUXURY NASHVILLE products and services with Plaintiff, Plaintiff's NASHVILLE LIFESTYLES mark and Plaintiff's publication *Nashville Lifestyles*, and as to the origin, sponsorship or approval of Defendant's goods, services and/or commercial activities.

32.     Consumers have in fact been confused as to the source of Defendant's publication, erroneously thinking that it was affiliated with Plaintiff.

33.     Besides copying Plaintiff's cover format, adding to the likelihood of confusion, Defendant has made similar design choices in other portions of the magazine, including placement of the table of contents with two stacked photos on the left, one taller than the other, and text on the right:



34. In addition, the layout of the section openers is similar with the centered section title in serif font, the use of a bar/line to emphasize and separate the title, a centered photo with white space around all sides, and a description of the photo written on the image itself:



35.     Defendant is also utilizing a confusingly similar capitalized NASHVILLE on the same internet based social media channels that Plaintiff utilizes to market its products and services, including Facebook and Instagram, as seen below:



| *NASHVILLE LIFESTYLES* | *MODERN LUXURY NASHVILLE* |
|---|---|
| Instagram: | Instagram: |
| Facebook: | Facebook: |

36.     The similarities between Plaintiff and Defendant's magazines are not a coincidence. Defendant has had intimate knowledge of Plaintiff's NASHVILLE LIFESTYLES mark and of Plaintiff's long-established rights in and prior use of such mark, including the appearance of its magazine cover with the word NASHVILLE in capital letters prominently in its masthead, given the over quarter-century in which Plaintiff's magazine has been published. Moreover, Defendant also has actual knowledge of Plaintiff's mark and the appearance and format of its magazine. First, the inaugural editor-in-chief of Defendant's magazine was formerly the editor of Plaintiff's magazine up until the first quarter of 2024, when she joined Defendant's magazine. Second, on November 13, 2024, Plaintiff wrote Defendant regarding the parties' respective marks and their use in connection with the appearance of the respective covers and mastheads, demanding that Defendant cease and desist from its infringing conduct. Attached as **Exhibit B** is a true and correct copy of the November 13, 2024 email and letter attached thereto.

In response, on November 25, 2024, Defendant refused to cease such conduct. Attached as **Exhibit C** is a true and correct copy of the November 25, 2024 response letter. Thereafter, Defendant, in a further response of February 6, 2025, offered to "double" the size of "Modern Luxury" in its masthead to which Plaintiff responded on February 24, 2025, was insufficient to dispel the likelihood of confusion and suggested making "Modern Luxury" the predominant mark in its masthead as Defendant had done in its San Diego publication. Defendant responded on February 27, 2025, that Defendant "will not be making any further changes to its *Modern Luxury Nashville* logo…." Attached as **Exhibit D** is a true and correct copy of the February 6, 2025, through February 27, 2025 email chain.

37. Defendant's acts of trademark infringement and unfair competition were and are being committed intentionally and willfully.

38. Plaintiff has never authorized, permitted or licensed Defendant to use any variation of the NASHVILLE LIFESTYLES mark or to copy the layout, format, or appearance of its *Nashville Lifestyles* magazine cover and masthead.

39. Defendant's use of MODERN LUXURY NASHVILLE in a stylization with "NASHVILLE" -- in a condensed font of capitalized letters and "MODERN LUXURY" in a sans-serif font of significantly smaller lettering on its competing goods and services -- has caused confusion and is likely to continue to confuse, mislead and deceive the relevant consuming public by falsely suggesting that Defendant's goods and services are endorsed, sponsored, provided, distributed, marketed or sold by Plaintiff, which they are not.

40. Defendant's acts of trademark infringement and unfair competition have damaged or are likely to damage Plaintiff's business, reputation, image and goodwill irreparably, and

consumers have been and are likely to continue to be confused, deceived and damaged by Defendant's conduct.

41. Unless enjoined by this Court, Defendant's wrongful acts will continue to cause irreparable injury to Plaintiff. As a result of Defendant's wrongful acts and in addition to injunctive relief, Plaintiff is further entitled to monetary damages and other appropriate remedies.

<u>**COUNT ONE**</u>

**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER LANHAM ACT SECTION 43(A), 15 U.S.C § 1125(A)**

42. Plaintiff repeats the allegations in paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43.  is a strong and distinctive mark that has been in use for over 25 years and has achieved widespread public recognition.

44. Further Plaintiff's layout of its magazine cover page has acquired distinctiveness in the Nashville market through its over 25 years of use.

45. Through prominent, long, and continuous use in commerce, including commerce within the State of Tennessee, the NASHVILLE LIFESTYLES mark, along with the appearance of its NASHVILLE masthead and the entire cover page of the *Nashville Lifestyles* magazine, has become and continues to be distinctive in the Nashville market.

46. Defendant's use of the name and mark, MODERN LUXURY NASHVILLE, in a stylization that presents NASHVILLE in capital letters as its masthead, and the use of a combination of design elements on its cover page in a layout and cover format similar to that of Plaintiff's *Nashville Lifestyles* magazine constitutes trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because

- 16 -

consumers are likely to, will be and already have been confused, mistaken, misled or deceived, and because of the harm to Plaintiff's business, reputation, image and goodwill. For example, consumers are likely to believe and already have believed that Plaintiff's NASHVILLE LIFESTYLES and Defendant's MODERN LUXURY NASHVILLE products and/or services are owned by the same entity, are affiliated in some manner with each other, or are sanctioned by the same entity, because the respective marks are both portrayed with NASHVILLE prominently displayed in capital letters with other terms minimized, and a celebrity placed squarely in the center of the cover page, providing the cover of both the *Nashville Lifestyles* and *Modern Luxury Nashville* magazines with the same appearance and format.

47. Defendant will continue to commit acts of unfair competition and confuse the public causing irreparable harm to Plaintiff unless and until such acts are enjoined by this Court.

48. Defendant's actions demonstrate an intentional, willful, and bad faith intent to trade on *Nashville Lifestyles'* goodwill and to cause confusion, deception, and mistake in the minds of *Nashville Lifestyles'* customers and potential customers by implying a nonexistent affiliation or relationship between Defendant and Plaintiff to the great and irreparable injury of Plaintiff.

49. Because Defendant's trademark infringement and unfair competition is causing and is likely to cause substantial injury to the public and to Plaintiff, Plaintiff is entitled to injunctive relief, and to recover Defendant's trebled profits, Plaintiff's costs, and Plaintiff's reasonable attorney's fees pursuant to 15 U.S.C. §§ 1116 and 1117.

## COUNT TWO

### UNFAIR COMPETITION UNDER TENNESSEE LAW

50. Plaintiff repeats the allegations in paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51.     Defendant's use of the name and mark, MODERN LUXURY NASHVILLE, when presented with NASHVILLE prominently set forth in  capital letters across the masthead of the *Modern Luxury Nashville* magazine, with the image of a celebrity in the center of the cover in a similar layout and cover format, constitutes unfair competition in violation of Tenn. Code Ann. § 47-18-104 because consumers are likely to, will be and already have been confused, mistaken, misled or deceived, and because of the harm to Plaintiff's business, reputation, image and goodwill.  For example, consumers are likely to believe and already have believed that Plaintiff's NASHVILLE LIFESTYLES and Defendant's MODERN LUXURY NASHVILLE products and/or services are owned by the same entity, are affiliated in some manner with each other, or are sanctioned by the same entity.

## COUNT THREE

## TRADEMARK INFRINGEMENT UNDER TENNESSEE LAW

52.     Plaintiff repeats the allegations in paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53.     Plaintiff is the owner of the registered NASHVILLE LIFESTYLES mark.  This registration constitutes evidence of Plaintiff's exclusive right to use the mark in connection with the goods and services specified in the registration.

54.     In violation of the Tenn. Code Ann. §§ 47-25-501, *et seq*., Defendant knowingly acted with the intent to cause confusion between its products and Plaintiff's products.

55.     Defendant's use of the name and mark, MODERN LUXURY NASHVILLE, in a stylization whereby NASHVILLE is prominently presented in capital letters, constitutes trademark infringement in violation of Tenn. Code Ann. § 47-25-512 because the mark

- 18 -

 is a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's  mark and is being used without Plaintiff's consent. Defendant uses the name and mark  in connection with the sale, distribution, offer for sale, and advertising of goods and/or services, and such use is likely to and has in fact already caused confusion, mistake or deception as to the source of origin of such goods and/or services.

56. The wrongful acts of Defendant, complained of herein, were and are being committed knowingly and in bad faith.

57. As a result of Defendant's acts in violation of Tenn. Code Ann. § 47-25-512, Plaintiff is entitled to an injunction enjoining the use of the name and mark  pursuant to Tenn. Code Ann. § 47-25-514. Plaintiff is further entitled to recover treble the profits of Defendant and any damages sustained by Plaintiff from Defendant's infringement, plus attorneys' fees and costs, pursuant to Tenn. Code Ann. § 47-25-514.

**COUNT FOUR**

**COMMON LAW UNFAIR COMPETITION**

58. Plaintiff repeats the allegations in paragraphs 1 through 57 of this Complaint as though fully set forth herein.

59. Defendant's acts complained of constitute unfair competition in violation of the common law of the State of Tennessee.

## COUNT FIVE

## COMMON LAW TRADEMARK INFRINGEMENT

60. Plaintiff repeats the allegations in paragraphs 1 through 59 of this Complaint as though fully set forth herein.

61.  is a strong and distinctive mark that has been in use for over 25 years in the Nashville market and has achieved widespread public recognition.

62. Through prominent, long, and continuous use in commerce, including commerce within the State of Tennessee, the NASHVILLE LIFESTYLES mark has become and continues to be distinctive.

63. Defendant's acts constitute trademark infringement in violation of the common law of the State of Tennessee. Such acts have been committed with the intent to cause confusion and mistake, and to mislead and deceive, and have been deliberate, knowing, willful and in bad faith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to enter judgment against Defendant, as follows:

A. a decree that Defendant has committed acts of federal unfair competition, trademark infringement, as well as unfair competition and trademark infringement in violation of Tennessee and common law to the detriment of Plaintiff;

B. an injunction enjoining Defendant, its officers, agents, servants, employees, successors and assigns and all others in concert and privity with Defendant from (i) using marks

- 20 -

and trade names that are confusingly similar and possessing the same appearance as Plaintiff's mark and magazine cover format and (ii) competing unfairly with Plaintiff;

C.      an Order requiring Defendant to file with this Court and to serve on Plaintiff, within thirty (30) days after service of such injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction;

D.      an award of actual and compensatory damages as a judgment against Defendant in an amount to be determined at trial for Defendant's violations of 15 U.S.C. § 1125, and for Defendant's acts of unfair competition and trademark infringement in violation of Tennessee and common law;

E.      an award of treble and/or increased damages due to the willful and deliberate nature of Defendant's actions;

F.      Plaintiff's costs and attorney's fees as provided by Section 35 of the Lanham Act, 15 U.S.C. § 1117, and as provided by Tennessee and common law;

G.      an award of prejudgment and post-judgment interest; and

H.      such other relief as this Court or a jury may deem proper and just.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Respectfully submitted,

Dated: August 20, 2025

*/s/L. Webb Campbell II*
L. WEBB CAMPBELL II (TN Bar. No. 11238)
wcampbell@srvhlaw.com
MICAH N. BRADLEY (TN Bar No. 38402)
mbradley@srvhlaw.com
SHERRARD ROE VOIGT & HARBISON, PLC
1600 West End Avenue, Suite 1750
Nashville, TN 37203
Telephone: (615) 742-4200

MASCHOFF BRENNAN GILMORE
ISRAELSEN & MAURIEL LLP
Rory Radding*
rradding@mabr.com
Benjamin Charkow*
bcharkow@mabr.com
15 W. 26th Street, 7th Floor
New York, New York 10010
Telephone: 212-524-6053

Paula Heyman*
pheyman@mabr.om
5401 S. FM 1626, Suite 170
PMB 175
Kyle, Texas 78640
Telephone: 435-575-1420

*Admission *pro hac vice* forthcoming

*Attorneys for Plaintiff GANNETT GP MEDIA, INC.*

- 22 -